IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH DANIEL PALMER, #224480      *
    Petitioner,
                                                   *    CIVIL ACTION NO. JKB-16-1084

WARDEN DEBORAH RICHARDSON       *
    Respondent.
                                                   *****

MEMORANDUM

      Kenneth Daniel Palmer, a frequent but sporadic filer, is again confined at the Baltimore County Detention Center. On April 12, 2016, the court received for filing his 28 U.S.C. § 2241 petition for writ of habeas corpus attacking his current pretrial detention. Specifically, he claims that he is confined for a "non-prosecutable offense" and contends that the police report fails to set out his "involvement in perpetration of criminal offense," as the actual perpetrator (Arnette Jackson) took full responsibility. He seemingly indicates that Jackson has maintained that he, Palmer, had not conspired or taken part in the offense (theft under $1,000.00). He argues that the circuit court judge and assigned prosecutor are abusing their authority to keep him indefinitely incarcerated by assigning him to a no-bail status on a FTA [failure to appear] charge and "lame criminal matter." ECF No. 1 at pp. 8-10.

      Palmer further asserts that the criminal charge does not have a realistic chance for conviction and should have been dropped, as it is a "total waste of taxpayers' money…a direct violation of his due liberty interest," and compels him to accept inadequate counsel by the local Public Defender. He asks this court to oversee the state criminal justice system. *Id*. at pp. 10-12. Because he appears indigent, Palmer's motion for leave to proceed in forma pauperis shall be granted.

Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court.  *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987).  Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).  Federal court intervention is not permitted where available avenues exist in the state courts to address the claims asserted.  In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).  The burden of proving that a claim has been exhausted lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (citations omitted).  The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Special circumstances do not exist if adequate state court procedures are available to protect a petitioner's constitutional rights.  *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975).

The state court docket shows that Palmer is awaiting trial on charges of conspiracy of theft less than $1,000.00 and possession of drug paraphernalia.  *See State v. Palmer*, Case No. 3K15005113 (Baltimore County Circuit Court) (copy attached).  He provides no exceptional circumstances for federal court intervention in his pending state criminal case.  The petition will therefore be dismissed without prejudice.

Palmer has no absolute entitlement to appeal the dismissal of his § 2241 petition. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at § 2253(c)(2). Palmer "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Court declines to issue a certificate of appealability because Palmer has not made the requisite showing. A separate Order follows dismissing the petition without prejudice and closing the case.

Date: April 15, 2016                             /s/
                                        James K. Bredar
                                        United States District Judge